**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4553**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ALFREDO GOMEZ VELEZ,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:09-cr-00320-F-1)

Submitted:  January 10, 2011            Decided:  February 3, 2011

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Dennis M. Duffy, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged Alfredo Gomez Velez with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (Count One), and two counts of mailing firearms without authorization, in violation of 18 U.S.C. § 1715 (2006) (Counts Two and Three). Gomez Velez pleaded guilty to all three counts without a plea agreement. The district court sentenced Gomez Velez to sixty-three months' imprisonment on Count One and twenty-four months each on Counts Two and Three, all to be served concurrently. This appeal followed. We affirm.

On appeal, Gomez Velez argues that the district court committed significant procedural error when it failed to adequately address his request for a sentence at the bottom of the U.S. Sentencing Guidelines Manual (2009) range based on his family ties.

This court reviews a sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of the procedural and substantive reasonableness of a sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). Gomez Velez challenges only the procedural reasonableness of his sentence.

A district court must state its reasons for imposing its chosen sentence, providing sufficient detail to "satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). Failure to do so constitutes procedural error. Lynn, 592 F.3d at 575. However, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita, 551 U.S. at 356; see Lynn, 592 F.3d at 576.

We conclude that the district court adequately discharged its responsibility to explain the sentence imposed with sufficient detail to allow for meaningful appellate review. As in Rita, "the record makes clear that the sentencing judge considered the evidence and arguments." Rita, 551 U.S. at 359. After Gomez Velez made his argument, the district court asked the Government if it wished to respond. The Government reiterated its position that a sentence at the upper end of the Guidelines would be appropriate given Gomez Velez's previous conviction for the same offense. The court imposed a sentence at the top of the Guidelines range, stating that it did so because Gomez Velez's "previous encounter with the federal judiciary offered no deterrence to his engaging in future criminal conduct." The district court's statement that no fine

3

would be imposed because Gomez Velez lacked the ability to pay a fine "in addition to providing financial support to his dependents," demonstrates that the court considered Gomez Velez's family circumstances. We therefore find Gomez Velez's sentence procedurally reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4